## Case No. 4,402.

ELLIS et al. v. DAVIS.

[4 Woods, 6.][1]

Circuit Court, D. Louisiana. Nov. Term, 1879.[2]

[1] [Reported by Hon. William B. Woods, Circuit Justice, and here reprinted by permission.]
[2] [Affirmed in 109 U. S. 485, 3 Sup. Ct. 327.]

Wm. Reed Mills, for complainants.

Charles E. Fenner, Edgar H. Farrar, and C. L. Walker, for defendant.

WOODS, Circuit Judge. It is clear that unless the will of Mrs. Dorsey, and the decrees of the second district court of the parish of Orleans admitting it to probate and declaring the defendant to be the sole and universal legatee of Mrs. Dorsey, can be successfully attacked in this court, the court cannot grant any of relief prayed for by the bill. For as long as the will and decrees referred to remain in force, the complainants cannot call upon the defendant for an account touching property of which the will makes him the absolute owner, and deprives them of any interest therein or in its proceeds, nor are they in any position to demand the revocation of the deed made by Mrs. Dorsey, to defendant for the property known as "Beauvoir;" for if the deed is not good, the property belongs to the defendant by virtue of the will. In a word, the will, as long as it remains in force, strips them of all interest in the affairs and property of the testator. It is no concern of theirs how the defendant has managed the property, or whether the deed to Beauvoir be valid or invalid. Therefore the demurrer based on the ground that this court had no jurisdiction of the matters set forth in relation to the will and its probate reaches the whole case.

The statement of the averments of the bill above given shows that the suit is brought by the heirs at law of Sarah Ann Dorsey in this court, against Jefferson Davis, to annul a decree of the probate court of the parish of Orleans establishing the will, and declaring the defendant, under its provisions, to be the testamentary heir and universal legatee of the testator. The grounds on which this relief is prayed are, that said testator was not of sound mind, and was under the undue influence of the defendant when she made her will, and that the motives which induced her to make her will in favor of defendant were illegal and against public policy. The case made by the bill, so far as the question of jurisdiction is concerned, is in all material respects the case made by complainants in the case of Broderick's Will, 21 Wall. [88 U. S.] 503. In that case the bill was filed by persons who claimed to be the heirs at law of Broderick.

It was filed on December 16, 1869, and stated that Broderick died September 16, 1859, intestate, seized of real estate and possessed of personal property of large value, and that on February 20, 1860, the defendant McGlynn presented to the probate court of San Francisco, a paper writing purporting to be the last will and testament of Broderick, but which was in fact a forgery, and that the person presenting it, and the persons on whose behalf it was presented, knew it to be a forgery, and that by means of false and perjured testimony, the said court was induced to admit to probate and record the said paper writing as the genuine last will and testament of said Broderick. The bill prayed that the will might be declared a forgery; that the probate and all subsequent proceedings might be set aside; that the defendants who had purchased lands under order of sale made by the court on the application of the executor of said pretended will might be declared trustees for the complainants and might be compelled to convey to them.

The complainants alleged that they never resided in California or the United States; never heard or had any opportunity of hearing of Broderick's death, or of the probate of his pretended will, until more than eight years after it had been filed for probate, they being illiterate and residing in a remote and secluded region of Australia. The bill was demurred to and dismissed by the circuit court. Upon appeal to the supreme court it was held that a court of equity has no jurisdiction to avoid a will, or to set aside the probate thereof, on the ground of fraud, mistake or forgery, this being within the exclusive jurisdiction of the probate court. Mr. Justice Bradley, in delivering the opinion of the court, after stating the provisions of the law of California for the probate of wills, and for the contesting of the same within one year by any person interested, said: "In view of these provisions it is difficult to conceive of a more complete and effective probate jurisdiction, or one better calculated to attain the ends of justice and truth. The question recurs, do the facts stated in the present bill lay a sufficient ground for equitable interference with the probate of Broderick's will, or for establishing a trust as against the purchasers of the estate in favor of the complainants? It needs no argument to show, as it is perfectly apparent, that every objection to the will, or the probate thereof, could have been raised, if it was not raised in the probate court, during the proceedings instituted for proving the will, or at any time within a year after probate was granted, and that the relief sought by declaring the purchasers trustees for the benefit of the complainants would have been fully compassed by denying probate of the will. On the establishment or non-establishment of the will depended the entire right of the par-

ties, and that was a question entirely and exclusively within the jurisdiction of the probate court. In such a case a court of equity will not interfere, for it has no jurisdiction to do so. The probate court was fully competent to afford adequate relief."

The laws of Louisiana with regard to probate of wills, and the review of decrees admitting wills to probate, are quite as favorable to the attainment of justice as those of California. In the case under consideration there was no obstacle to prevent the complainants from appearing in the probate court and contesting the probate of the will of Mrs. Dorsey, or, if the will had been probated without their knowledge or information, which is not averred, from appealing to the supreme court of the state. The law allowed them one year in which to contest the probate of the will. Instead of resorting to the courts which had exclusive jurisdiction of the subject, they come into this court, and, within less than a year from the probate of the will, file the bill in this case. The proceeding in the probate court was in the nature of a proceeding in rem, and was binding upon all the world unless appealed from and reversed in a direct proceeding. See case of Broderick's Will, ubi supra. But the complainants, entirely ignoring the decree in the probate court, which bound them as well as all others interested, apply to this court to set aside that decree, made by a court which was not only competent, but had the exclusive jurisdiction to make it. If this court could, upon the case made by the present bill, revoke the probate of the will, it might, on the application of Davis, who was a citizen of Mississippi, and upon service upon the heirs, who were citizens of other states, have entertained jurisdiction of an original proceeding to probate the will. But this court has no probate jurisdiction. Gaines v. Chew, 2 How. [43 U. S.] 619; Fouvergne v. New Orleans, 18 How. [59 U. S.] 470; Gaines v. New Orleans, 6 Wall. [73 U. S.] 642; Case of Broderick's Will, 21 Wall. [88 U. S.] 503.

It is claimed, however, that the case of Gaines v. Fuentes, 92 U. S. 10, is authority for this bill. There are general expressions in the opinion in that case which would seem to sustain this claim, but those expressions must be interpreted by the light of the case then before the court. It is to be observed that the case of Broderick's Will is not overruled, but approved, by the case of Gaines v. Fuentes. There must, therefore, be material differences of fact between the two cases by which the decisions can be reconciled. These differences are apparent. In the case of Gaines v. Fuentes, the court, in describing the character of the suit, says: "The action is in form to annul the alleged will of 1813, of Daniel Clark, and to recall the decree by which it was probated; but as the petitioners are not heirs of Clark, nor legatees, nor next of kin, and do not ask to be substituted in the place of the plaintiff in error, the action cannot be properly treated as for the revocation of the probate, but must be treated as brought against the devisee by strangers to the estate, to annul the will as a muniment of title, and to restrain the enforcement of the decree, by which its validity was established, so far as it affects their property." The petition in that case to revoke the probate of the will was originally filed in the second district court of the parish of Orleans, invested with probate jurisdiction. The statement of facts in that case, on which the opinion of the court is founded, shows that the plaintiff in error (Mrs. Gaines) applied on January 18, 1855, to the second district (probate) court of the parish of Orleans, for the probate of the alleged will of Daniel Clark; that by the decree of the state supreme court the will was recognized as the last will and testament of Daniel Clark; that this decree was obtained ex parte, and by its terms authorized any person at any time, who might desire to do so, to contest the will and the probate in a direct action, or as a means of defense, by way of answer or exception, whenever the will should be set up as a muniment of title; that the plaintiff in error subsequently commenced several suits against the petitioners (Fuentes and others) in the circuit court of the United States, to recover sundry tracts of land, situate in the parish of Orleans, in which they were interested, setting up the alleged will as probated as a muniment of title, and claiming under the same as instituted heir of the testator.

From this it appears (1) that the suit to revoke the probate of the will of Daniel Clark was originally begun in the state court, by which the decree of probate complained of was in the first instance rendered; (2) that the decree expressly reserved the right to persons interested to contest the will and its probate either by direct action or by way of exception, whenever the will should be set up as a muniment of title; (3) that suits had been commenced by Mrs. Gaines, claiming title under said will, to recover property in which the petitioners were interested; and (4) that the suit to annul the will and revoke its probate was brought by persons who were not heirs or devisees or next of kin, and did not ask to be substituted in place of the devisee, but was brought by strangers to the estate and blood of the testator, to annul the will as a muniment of title so far as it affected their property, but no further. In these material respects the case of Gaines v. Fuentes differs from the case of Broderick's Will and the case under consideration. This case of Gaines v. Fuentes is therefore not a precedent to control this case, but Broderick's case is.

These complainants were bound by the

decree rendered by the probate court of the parish of Orleans. No fraud is alleged on the part of the defendant in procuring that decree, and complainants had notice of its rendition, and could have taken steps in the probate court to reverse it. They cannot ignore that decree and come into this court to annul it. I am therefore of opinion that this court has no jurisdiction of so much of the case presented by the bill as seeks to annul the will of Mrs. Dorsey and set aside the probate thereof. This is decisive of the whole case, for the right of the complainants to an account from the defendant depends upon the success of their efforts to set aside the will of Mrs. Dorsey and the probate thereof. As long as the decree of the second district court admitting the will to probate, and recognizing the defendant as the sole and universal legatee of Mrs. Dorsey, remains in force, the complainants have no standing which authorizes them to demand an account of the defendant. So if the deed of February 19, 1879, conveying Beauvoir to the defendant, should, for the reasons stated in the bill, be declared void, still the title of defendant to the same would be good and indefeasible under the will of Mrs. Dorsey as long as the will remains of force and the probate thereof unrevoked. In a word, if this court has not jurisdiction to set aside the will of Mrs. Dorsey and revoke its probate, it cannot grant any of the relief prayed for by the bill. Demurrer sustained.